LUCILLE A. HOOK, Appellant, v. RAYMOND A. HOOK, Respondent.— Appeal by the plaintiff wife from an order denying counsel fees and temporary alimony in an action for separation. The complaint states a cause of action for separation and if true discloses extreme brutality and viciousness on behalf of the defendant. The husband's affidavit in opposition is not impressive. It recites the marriage " after a courtship of two months ". His attitude toward the marital contract is partially evidenced by his plea of self-pity. " After thought, is of course, more analytical than foresight. Had deponent realized the step he took and its consequences he certainly would not now be before

this court and at the mercy of the plaintiff. But marry her, he did, and here he appears seeking the invocation of justice and equity." His affidavit, as well as the appellant's, discloses that he will not live with her, but that in the middle of the night he frequently forces an entrance into the apartment she occupies in a spirit of mad jealousy. She says that on such times he is highly intoxicated, and threatens to assault her. His affidavit is corroborated only by his sister and one Fisher who says that he walks by the residence of the plaintiff between 12:30 and 2:00 A.M. at night, and has "seen various men going into such residence". Fisher does not further identify himself beyond saying that he had advised the husband of his observations. If the suspicions and charges of the respondent are true, a quite speedy termination of the marriage is possible, following the interposition of a defense of adultery. Appellant says she is unable to work and that respondent is receiving from $50 to $70 a week. He says that his weekly wages are $44. Counsel fees and temporary alimony are proper under section 1169 of the Civil Practice Act. Order reversed on the law and facts and counsel fees of $200 and temporary alimony of $15 a week during the pendency of the action awarded. All concur.